## THE EDITH.

*(District Court, S. D. Georgia, E. D.* March 24, 1888.)

SEAMEN—WAGES—ENFORCEMENT IN ADMIRALTY—VESSEL IN CUSTODY OF STATE COURT.

The district court will refuse a motion to dismiss a libel on a boat for seamen's wages, based upon the ground that the boat is in the custody of a state court under a former levy, where it appears that such levy was upon a half interest only; but will stay proceedings until the termination of litigation in the state court, and will give notice at the sheriff's sale of the libelants' claim for wages.

In Admiralty. On motion to dismiss levy.
*Du Bignon & Frazier,* for the motion.
*Isaac Beckett, contra.*

SPEER, J. The steam-boat Edith was levied on by the sheriff of the state court for a debt against a part owner. She was sold, and the one-half interest of the debtor bought by Frazier. Subsequently, she was again levied upon under an execution for costs against the original owners, but Frazier's interest was not levied on. The marshal thereafter, with a proceeding in this court for wages of the seamen, levied upon the entire boat, tackle, apparel, etc. The motion is to dismiss this levy, upon the ground that the boat was in the custody of the officers of the state court.

The question whether a lien for seamen's wages may be enforced in the admiralty court against a vessel notwithstanding she may be under arrest in the state court, if an open question, has been, upon principle and authority, answered in the affirmative. It is true, however, that a majority of the supreme court of the United States have held otherwise. *Taylor* v. *Carryl,* 20 How. 583; 2 Pars. Mar. Law, 522, and authorities cited. It will be profitable to the student of admiralty law to read the citations upon the topic, made by this copious and lucid text writer. But in this case there is a one-half interest to which the lien of the state judgment does not attach; nevertheless, the entire vessel is in the hands of the sheriff. Now, the elastic powers of admiralty will enable this court to respect the prior seizure by the state officials, and, at the same time, protect the seamen's demands for wages. With this two-fold purpose in view, it is ordered that the motion to dismiss the levy be refused and overruled, but that the marshal will proceed no further therewith until the termination of the litigation in the state court. Ordered further that the marshal give notice to all purchasers at the sheriff's sale that the steam-boat Edith will be subject to the libelants' claim for wages, so soon as the jurisdiction of this court can be made effective, and that all proceedings in this cause be staid until the further order of the court.